UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

| | |
|---|---|
| ELNA R. LESSAGE, individually and on behalf of all other similarly situated current and former employees, | COLLECTIVE ACTION (29 U.S.C. § 216(b)). |
| Plaintiffs, | |
| vs. | |
| GRAND COURT VILLAGE, INC., a Florida corporation, and DOES 1 – 10, | |
| Defendants. _____/ | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ELNA R. LESSAGE, individually, and on behalf of all other similarly situated current and former employees of Defendants GRAND COURT VILLAGE, INC. and DOES 1 - 10, hereby allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff ELNA R. LESSAGE ("Plaintiff) brings this collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other similarly situated current and former employees of Defendant GRAND COURT VILLAGE, INC. ("Grand Court") and DOES 1-10 (collectively "Defendants"), to recover among other things, unpaid overtime wages, and remedies for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), including interest, liquidated damages, attorney's fees, and costs of suit.

1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as the claims asserted herein are predicated upon federal statutes.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), as the unlawful employment practices alleged below occurred and/or were committed within the Southern District of Florida, and Defendants are licensed to do business in, and are doing business in, the State of Florida and this Judicial District.

## GENERAL ALLEGATIONS

4. Plaintiff, individually, and on behalf of all other similarly situated current and former individuals who are or were employees of Defendants during the three year period prior to the initiation of this action, to recover among other things, unpaid overtime wages, and remedies for violations of the FLSA, including interest, liquidated damages, attorney's fees, and costs of suit.

5. Plaintiff is informed and believes, and based thereon alleges, that all of the business practices, policies, operations, and procedures, including any and all activities used and/or conducted by Defendants, violated and/or continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*

6. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Grand Court is a corporate entity that regularly employs fifty or more persons.

7. The true names and capacities, whether corporate, associate, individual or otherwise of Defendants DOES 1 - 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused

injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will amend or ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained pursuant to the Federal Rules of Civil Procedure Rule 15.

8. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein on a repeated and recurrent basis.

## PARTIES

9. Plaintiff ELNA LESSAGE is a resident of Florida, and was employed by Defendants as a Certified Nursing Assistant ("CNA") from approximately March 2010 through April 2013. While employed by Defendants, Plaintiff was regularly required to perform off the clock work in excess of her scheduled forty (40) hours per week, for which she was not compensated.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant Grand Court is a corporation organized and existing under the laws of the State of Florida, is authorized to do business in the State of Florida, and has its principal place of business at 295 4th Street, Pompano Beach, Florida 33060, in Broward County, Florida.

11. At all relevant times, Defendant Grand Court operated its business within this Judicial District, and based thereon, is or was an "employer" involved in interstate commerce within the meaning of the Fair Labor Standards Act, codified at 29 U.S.C. § 201, *et. seq.* In addition, Defendants are or were, at all times mentioned herein, enterprises engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act (29 U.S.C. § 203(r) and 203(s)).

3

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff was employed as a CNA for Defendants for approximately three (3) years. Plaintiff was deprived of compensation to which she is entitled through the following singular practices, decisions or plans of Defendants:

(a) reducing the amount of hours Plaintiff worked in order to diminish, or altogether eliminate, the overtime compensation to which Plaintiff was lawfully entitled; and

(b) acknowledging that Plaintiff worked overtime but refusing to compensate her at the statutory overtime rate of time and one-half of her regular rate of pay.

14. At all relevant times alleged herein, Defendants' above-mentioned actions, policies and practices of not paying Plaintiff and other similarly situated persons compensation for work performed to which they were entitled, was in violation of the FLSA.

15. Plaintiff is informed and believes, and based thereon alleges, that each and every one of the acts and omissions alleged herein was performed by, and/or is attributable to Defendants and/or DOES 1 - 10, acting as agents and/or employees, and/or under the direction and control of Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully within the meaning of the FLSA.

16. As a direct and proximate result of the unlawful actions of Defendants, Plaintiff and persons similarly situated have suffered, and continue to suffer, from loss of earnings in amounts as yet to be ascertained, but subject to proof at trial, in amounts in excess of the minimum jurisdiction of this Court.

## COLLECTIVE ACTION ALLEGATIONS

20. As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate Plaintiff and all other similarly situated current and former persons employed by Defendants during the three-year period prior to commencement of this action, and as such, notice should be sent to past and present CNAs employed by Defendant and DOES 1 - 10, during the three-year period prior to initiation of this action pursuant to 29 U.S.C. § 216(b).

21. As alleged herein, Defendants deprived Plaintiff and other similarly situated persons compensation to which they are entitled through the following singular practices, decisions or plans:

(a) modifying records relating to the amount of hours Plaintiff worked in order to diminish, or altogether eliminate, the overtime compensation to which Plaintiff was lawfully entitled, and; and

(b) failing to compensate Plaintiff at the statutory overtime rate of time and one-half of her regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek.

22. Based thereon, Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of individuals, of improperly depriving compensation to which such individuals are entitled under the FLSA.

23. Questions that are common among the FLSA Collective Action members include, but are not limited to:

(a) whether Defendants have and continue to unlawfully refuse to pay employees proper compensation, in violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, for all work performed;

(c) whether Defendants have and continue to unlawfully refuse to pay employees proper overtime compensation, in violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, through the aforementioned policies and practices;

(d) whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

24. There are numerous similarly situated current and former employees of Defendants, who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable by Defendants' records.

25. Plaintiff has consented to sue in this action pursuant to 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action. A copy of Plaintiff's Notice of Consent is attached hereto as Exhibit "1."

## COUNT I – FAILURE TO PAY OVERTIME COMPENSATION

26. The allegations set forth in paragraphs 1 through 25 are incorporated herein by reference.

27. Pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*, Defendants are and/or were required to compensate all non-exempt employees for all overtime work performed at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

28. In violation of federal law, Defendants failed and refused to perform their obligation to compensate Plaintiff and other similarly situated employees for all overtime wages

earned by way of the following singular practices, decisions or plans, including:

    (a)    modifying records relating to the amount of hours Plaintiff worked in order to diminish, or altogether eliminate, the overtime compensation to which Plaintiff was lawfully entitled, and; and

    (b)    failing to compensate Plaintiff at the statutory overtime rate of time and one-half of her regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek.

29. Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), and with a conscious disregard of the rights of the Plaintiff and persons similarly situated under federal wage and hour laws, by which such acts have deprived Plaintiff and persons similarly situated of their property and legal rights.

30. As a result of the aforementioned violations, Plaintiff and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

31. Pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*, and including, 29 U.S.C. § 216(b), Plaintiff is legally entitled to recover unpaid balances of overtime compensation Defendants owe, plus interest, liquidated damages, attorney's fees, and costs of suit.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth herein below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court, according to proof, and pursuant to the FLSA, 29 U.S.C. § 216(b);

2. For liquidated damages, according to proof, and pursuant to the FLSA, 29 U.S.C. § 219(b);

3. For interest;

4. For costs of suit, including expenses incurred herein, pursuant to the FLSA, 29 U.S.C. § 216(b);

5. For reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b);

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues so triable.

Dated this 14th day of March, 2014.

Respectfully submitted,

By: /s/ Joshua M. Entin
JOSHUA M. ENTIN, ESQ.
FLORIDA BAR NUMBER: 0493724
ALLISON B. DUFFIE, ESQ.
FLORIDA BAR NUMBER: 649902
ENTIN & DELLA FERA, P.A.
110 S.E. 6TH Street, Suite 1970
Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201
Fax: (954) 764-2443
E-mail: *josh@entinlaw.com*
*Attorneys for Plaintiff*